UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PAUL SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, DEUEL VOCATIONAL INSTITUTE,<br><br>    Respondent. | No. 2:18-cv-0009 KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner, proceeding pro se. On January 3, 2018, petitioner filed a petition for writ of habeas corpus in which he claims he challenges the "imposed enhancement," ostensibly to his criminal conviction in Contra Costa County Superior Court, Case No. 5-160078-2. (ECF No. 1.) Petitioner claims his petition concerns: a conviction, parole, a sentence, and unidentified credits, and appends a portion of a transcript from a <u>Marsden</u> motion held in Contra Costa County Superior Court on July 26, 2016, which in part discusses enhancements. (ECF No. 1 at 11.) But petitioner also appends multiple administrative appeals and responses addressing various and unrelated prison conditions. (ECF No. 1 at 14-70; 72-102.)

    As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the

1

conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). For the following reasons, the undersigned recommends that this petition be dismissed without prejudice.

First, the court's own records reveal that on November 16, 2017, petitioner filed an amended petition for writ of habeas corpus in Smith v. DVI, 2:17-cv-2239 DB P, in which he challenges his conviction in Contra Costa County Superior Court for possession of ammunition, Case No. 05-160078-2.[1] The instant petition challenges the same conviction challenged in 2:27-cv-2239 DB P.[2] Due to the duplicative nature of the present action, the instant petition must be dismissed. Petitioner must pursue all of his federal challenges to the same criminal conviction in one petition for writ of habeas corpus.

Second, any federal challenge to his conviction in the Contra Costa County Superior Court must be filed in the Northern District of California, which is the proper venue.

Third, a petitioner generally may not challenge the conviction until after such conviction is final. The California Courts website reflects that petitioner's criminal appeal in People v. Smith, Case No. A149320, is still pending.[3] The state court docket reflects that the appeal was

---

[1] Indeed, in the original petition filed in the Northern District of California, petitioner included language very similar to the allegations asserted here. Case No. 2:17-cv-2239 DB P (ECF No. 1 at 6 (ground one).) However, because petitioner also included an Eighth Amendment claim, the Northern District court construed the filing as a challenge concerning medical care at Deuel Vocational Institute, which is located in the Eastern District, and transferred the action here. (ECF No. 1 at 8.) Petitioner also appended his administrative appeals concerning such medical claims. However, on November 16, 2017, petitioner filed an amended petition for writ of habeas corpus raising only a challenge to his conviction in Contra Costa County. If, upon receipt of the instant recommendations, petitioner wishes to pursue the medical claims earlier raised in 2:17-cv-2239 DB P, he should seek leave to do so in such earlier-filed action in order to avoid any potential statute of limitations problems that the instant filing may present.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601

2

fully briefed on May 19, 2017, and oral argument was deemed waived on August 1, 2017, but no decision has yet issued. Id. Because petitioner's criminal appeal remains pending, this court must abstain from addressing the instant habeas petition. Younger v. Harris, 401 U.S. 37, 43-54 (1971) (Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.).

Fourth, although petitioner appends administrative appeals concerning unrelated prison conditions issues, the undersigned will not recommend that this action be converted into a civil rights complaint under 42 U.S.C. § 1983.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (*en banc*). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)).

In the instant petition, petitioner does not name the proper parties or expressly identify the relief he seeks. To the extent he seeks removal of the enhancement from his criminal conviction, a civil rights action cannot provide such relief. Moreover, prisoner civil rights actions are subject to different requirements than federal habeas proceedings. The filing fee for civil rights actions is at least $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying a $350 filing fee from his prison trust account. 28 U.S.C. § 1915(b)(1). Therefore, the undersigned declines to recommend that the instant action be converted into a federal civil rights action

---

F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

without prejudice to petitioner filing a separate federal civil rights action.[4]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 10, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit0009.23+

---

[4] If plaintiff chooses to file a separate civil rights action, he is cautioned that he may not assert unrelated claims in the same action. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

4